UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KENNETH JACKSON,**
        **Plaintiff,**

    v.                                                      Case No. 08-C-0647

**GEORGIA KOHLWAY, et al.,**
        **Defendants.**

## DECISION AND ORDER

On July 29, 2008, pro se plaintiff Kenneth Jackson, who is presently incarcerated at Waupun Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging that when he was detained at the Manitowoc County Jail, defendants were deliberately indifferent to his serious medical needs. The case was randomly assigned to this court's Milwaukee Division. On January 26 and 28, 2009, defendants moved to transfer the case to the court's Green Bay Division. For the reasons stated below, defendants' motions will be denied.

Defendants cite no statute, rule or other authority authorizing such a transfer. In this respect, their motions violate Civil Local Rule 7.1(a) (E.D. Wis.), which provides that a motion must "set forth the rule pursuant to which it is made." However, defendants state that transferring the case would serve the interests of justice because plaintiff resided in Manitowoc County before he was incarcerated, the events giving rise to his suit took place at the Manitowoc County Jail, and all defendants, witnesses and evidence are located in Manitowoc County. (Manitowoc County lies in the court's Green Bay Division).

The assignment of cases between the court's Milwaukee and Green Bay Divisions is governed by a 2005 local order, <u>In re General Order Regarding Assignment of Cases</u>

<u>to the United States District Judge Designated to Hold Court in Green Bay, Wisconsin</u>, http://www.wied.uscourts.gov (filed under "Court Information" and then "Court Orders") (last visited February 18, 2009). Paragraph 1.A of such order provides that civil cases having the "greatest nexus" with a county or counties within the Green Bay Division shall be assigned to that Division, and that "[i]n considering which county or counties have the greatest nexus with a case, due regard shall be given to the place where the claims arose and the residence or principal place of business of each of the parties." However, Paragraph 2, which is entitled "Random Assignment of Civil Prisoner Cases," provides that:

> Prisoner civil cases, whether brought under the habeas corpus provisions of 28 U.S.C. §§ 2241 or 2254, the provisions of 42 U.S.C. § 1983 or otherwise, will be randomly assigned pursuant to General Local Rule 3.1, even though they may have the greatest nexus with one of the counties [located in the Green Bay Division of this Court].

The obvious intent of Paragraph 2 is to assign prisoner cases randomly among the court's two divisions, regardless of a case's nexus with a particular county. Thus, the Clerk randomly assigned the present case to the Milwaukee Division even though it has a greater nexus with Manitowoc County.

The fact that the case was properly assigned to the Milwaukee Division does not mean that it cannot be transferred to the Green Bay Division. Paragraph 2 does not prohibit the transfer of a prisoner civil case after it has been randomly assigned, and Paragraph 3 of the Order states that a party may move to transfer a civil case to a different division "based upon the convenience of the parties and witnesses, or the interests of justice." As noted, however, Paragraph 2 requires that a prisoner civil case be randomly assigned even if it has a greater nexus with a particular division. Paragraph 2 would serve no purpose if, after random assignment, a prisoner civil case could be transferred to the

2

division with which it has the greatest nexus.  Thus, before a prisoner civil case will be transferred to a different division, the party seeking the transfer must establish more than that the case has the greatest nexus with such division.  Rather, the party must show that extraordinary circumstances exist that make the transfer appropriate despite the requirement that prisoner civil cases be randomly assigned.  Although I decline to speculate about what might constitute extraordinary circumstances, such circumstances are not present where, as here, the movant shows only that the claims arose in the other division and/or the parties and witnesses reside there.

**THEREFORE, IT IS ORDERED** that defendants' motions to transfer this case to the Green Bay Division (Docket ## 33 & 35) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 19 day of February, 2009.

/s_____
LYNN ADELMAN
District Judge