UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH JACKSON,

    Plaintiff,

v.    Case No. 08-CV-647

GEORGIA KOHLWEY, LARRY WELNICKE,
DR. R. L. KLASSEN, and DR. AUGUSTINE,

    Defendants.

## ORDER

The plaintiff, who is incarcerated at the Waupun Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on a claim that the defendants were negligent and deliberately indifferent to his serious medical needs while he was detained at the Manitowoc County Jail. On August 31, 2009, the case was reassigned to this court. There are several motions pending which will be addressed herein.

Defendants Kohlwey and Welnicke filed a motion for summary judgment on July 10, 2009. Defendants Klassen and Augustine, who are represented by separate counsel, also filed a motion for summary judgment on July 10, 2009. On August 14, 2009, the plaintiff filed a motion to stay summary judgment proceedings and a motion for appointment of counsel.[1] The plaintiff requests that the court stay this case until it finds an attorney for him. He asserts that the inmate who has been

---

[1] On October 2, 2009, the plaintiff filed a reply brief along with a motion for extension of time to file a reply brief in support of motion to stay and for summary judgment. His motion for extension of time will be granted.

assisting him is unavailable to help him file responses to the defendants' motions for summary judgment because the inmate was recently transferred to segregation. According to the plaintiff, he is unable litigate this case on his own because he only has a tenth grade reading and writing level. He further states that this case is more complex than a typical failure to treat claim because it requires an assessment of the adequacy of treatment that he did and did not receive, will probably require expert testimony, and that he lacks legal skills to point out difficult and subtle questions of the state of mind required for deliberate indifference. The plaintiff also asserts that he has been unsuccessful obtaining his legal materials related to this case, including the defendants' motions for summary judgment, and that, therefore, he is unable to even attempt to formulate a response on his own, or to seek assistance from another "jailhouse lawyer."

The defendants oppose the plaintiff's motions. Both sets of defendants point to the court's denial of his prior motion for counsel and that the plaintiff fails to offer any new argument in support of this motion, other than the unavailability of the inmate who assisted him.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold

-2-

matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

The plaintiff's claims are based on complaint allegations that, despite his numerous requests for adequate medical attention, the defendants failed to provide proper medical care and to timely conduct tests to diagnose his "staph infection" or "MRSA," which caused needless pain and suffering. The plaintiff further alleges that the defendants refused to treat the symptoms that he had as a result of contracting the illness in jail. Although it is not uncommon for medical claims to be highly complex which, depending on the ability of the *pro se* litigant, would indicate that assistance of counsel is necessary for a *pro se* plaintiff, the court is not persuaded that this case falls into that category. Rather, a review of the defendants' briefs in support of their motions for summary judgment reveals that resolution of the motion will likely not turn on complex medical evidence. In addition, the court is unable to evaluate the plaintiff's ability because apparently the inmate assisting him has prepared every document filed in this case so far. The only information the court has about the plaintiff's ability is his assertion that he has been tested at a tenth grade

-3-

level in reading and writing. This, by itself, does not indicate that the plaintiff cannot litigate this case on his own. Also, it appears that the plaintiff may be able to obtain assistance from another jailhouse lawyer (or, when he gets out of segregation, from the first one).

For all of these reasons, the plaintiff's motion for appointment of counsel will be denied. However, he will be granted additional time to file his responses to the defendants' motions for summary judgment.

**IT IS ORDERED** that the plaintiff's motion to stay (Docket #69) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #71) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall file his responses to the defendants' motions for summary judgment on or before **January 25, 2010**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #80) be and the same is hereby **GRANTED**.

No further extensions will be granted.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-